REXFORD BRABSON (CA SBN 299802)
Rex@t-rexlaw.com
DAVID STEWART (CA SBN 353448)
David@t-rexlaw.com
T-REX LAW, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

Attorneys for Plaintiff Fernway LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNWAY LLC, a Missouri Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AUDIOEC INC., a New York Corporation, SHIMON EKSTEIN, an individual, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br>1. UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))<br>2. CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)<br><br>**DEMAND FOR JURY TRIAL**<br><br>**ACTION SEEKING NATIONWIDE RELIEF** |

## COMPLAINT

1.  Plaintiff, Fernway LLC (hereinafter "Plaintiff"), a Missouri Limited Liability Company, brings this Complaint against Audioec Inc., a New

York Corporation, Shimon Ekstein, an individual, and DOES 1-10 (hereinafter "Defendants") for unfair competition under federal and state law.

## NATURE OF THE ACTION

2. This is a civil action for (i) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and (ii) related state and common law claims, arising from Defendants' unauthorized use of Plaintiff's designs and source-identifying indicia in connection with identical goods as Plaintiff.

## PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of Missouri.

4. Upon information and belief, Defendant Audioec Inc. ("Audioec"), is a corporation organized and existing under the laws of New York, with an address of 1 Frankfurt Rd. #112, Monroe, NY 10950.

5. Upon information and belief, Defendant Shimon Ekstein ("Ekstein") is an individual affiliated with Defendant Audioec Inc.

6. Upon information and belief, Defendants DOES 1-10 are unknown persons and/or entities related to or affiliated with the other listed persons and entities and are the proximate or actual cause of damage to Plaintiff.

7. For the purposes of this Complaint, unless otherwise indicated, "Defendant", "Defendants", and "Plaintiff", include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants or Plaintiff named in this caption.

## JURISDICTION AND VENUE

8. This action arises under federal trademark laws, 15 U.S.C. §§ 1125(a), and thus, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

9. This Court may exercise personal jurisdiction over the Defendants based upon their activities, including their transaction of business, within the Central District of California.

10. Specifically, Defendants offer and sell their infringing products in this District. On information and belief, the Defendants own and control the website artcreativity.com

11. Specifically, on September 16, 2025, Plaintiff, acting through its agents or representatives, purchased from Defendants the infringing product via Defendants' website of artcreativity.com. A true and accurate picture of this screenshot, as offered on artcreativity.com and as ordered, is attached as **Exhibit A**. This product was ordered and prepared for shipping to an address located at 1315 El Encanto Dr, Brea, CA 92821, which is within the geographic boundaries of this District. The purchase of this product, sold by Defendants and prepared to ship to this District, demonstrates Defendants' intent to target consumers in this jurisdiction and to avail itself of the privilege of conducting business in this District. Furthermore, on information and belief, Plaintiff's website of artcreativity.com where the Infringing Banner is marketed and sold is available to consumers in this District.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that Defendants sell, offer, and transact their business in this judicial district.

**FACTS**

13. Plaintiff sells the following banner, for which they own all rights to, on Amazon.com ("Plaintiff's Banner"):



Plaintiff's Banner on Amazon.com is titled: Pre-strung Game Time Football Banner - No DIY - Football Party Banner - Pre-strung Garland on 8 ft Strands - Birthday & Sports Fantasy Party Decorations. Did We Mention No DIY.

14. Plaintiff's Banner is sold as three separate pre-strung garlands on 8-foot strands, as demonstrated in the below marketing pictures.





15. Plaintiff has sold Plaintiff's Banner since at least as early as September 15, 2023.

16. All copyright and intellectual property rights to Plaintiff's Banner are owned by Plaintiff.

17. Defendants have copied Plaintiff's Banner wholesale on both their website of artcreativity.com and on Amazon.com. A screenshot of Defendants' infringing banner, as offered on their website of artcreativity.com, is attached as **Exhibit A** (the "Infringing Product"). A sample of that capture is shown below.



18. Defendants sold the Infringing Product on Amazon.com under the title "ArtCreativity Game Time Football Banner Decoration – Set of 3 – Customizable Football Theme Pennant Flags Banner for Sports Tailgate Party Supplies, Sports Wall Party Supplies and Decor." The Infringing Product had the ASIN # of B0CXVR6HGR.

19. Plaintiff submitted a notice on Amazon.com of Defendants' Infringing Product on or about September 2, 2025, which appeared to have resulted in the removal of Defendants' Infringing Product on Amazon.com.

20. On or about September 10, 2025, an individual named Shimon Ekstein submitted a counter notice to Plaintiff's notice, which counter notice stated that they had a good faith belief that the material identified in the Notice of Infringement was removed as a result of a mistake, and that the listing on Amazon.com should be reinstated. On information and belief, Shimon Ekstein is affiliated with Defendant Audioec Inc..

21. Plaintiff's use of the words, terms, symbols, devices, and combinations thereof on Plaintiff's Banner have been continuous since Plaintiff began selling Plaintiff's banner on September 15, 2023.

22. On information and belief, Defendants did not begin using the Infringing Product in commerce until after Plaintiff had been selling Plaintiff's Banner, as Defendants' Infringing Product is a direct copy of the design of Plaintiff's Banner.

23. Plaintiff's use of Plaintiff's Banner therefore predates and is prior to any use of the identical or substantially similar product sold by Defendants.

24. Defendants' conduct constitutes unfair competition under state and federal laws because consumers are likely to be deceived and confused as to the source of Defendants' goods, believing those goods originate from Plaintiff when indeed they do not.

25. Specifically, Defendants' product which incorporates a combination of words, terms, symbols, and devices is identical or a colorable imitation to Plaintiff's Banner.

26. Moreover, Defendants' Infringing Product is identical, or substantially similar, as it is a pre-strung football themed banner sold in a set of three with an identical or similar design to Plaintiff's Banner.

27. Plaintiff's Banner and Defendants' Infringing Product are likely to be provided in similar trade channels. Both were sold in the same trade channel of Amazon.com

28. As a result of Defendants' unlawful infringing activities, Plaintiff has suffered irreparable harm, and, unless this Court enjoins Defendants, will continue to suffer irreparable harm for which there is no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I

### Unfair Competition under 15 U.S.C. §§ 1125 *et seq.*

29. Defendants have used and are continuing to use the Infringing Product in connection with the sale of pre-strung banners without authorization or license to do so from Plaintiff.

30. Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

31. Defendants' use of the Defendant's Infringing Banner is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of Defendants' goods, and is likely to deceive consumers, the public, and the trade into believing that Defendants' services originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1125.

32. As a result of Defendants' infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendants have been and continue to be unjustly enriched.

33. As a direct and proximate result of Defendants' infringing actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to Plaintiff's Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable Marks.

34. Under 15 U.S. Code § 1117(a), violations of 15 U.S.C. 1125(a) entitle the plaintiff to recover Defendants' profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

35. Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT II

### Common Law Unfair Competition (Cal Bus. & Prof. Code § 17200)

36. Defendants' unauthorized use of the Infringing Product and the unfair competition because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of Defendants' banners. Consumers are, for example, likely to believe that Defendants' Infringing Products originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

37. Defendants' infringing activity constitutes unfair competition in violation of the common law of the State of California. Defendants' actions with respect to Plaintiff's Mark have caused and will continue to cause serious and irreparable injury to Plaintiff, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following:

A. Issue a permanent injunction against Defendants preventing the sale Defendants' banner and any banner similar to Plaintiff's Banner.

B. A judgment that Defendants' use of Defendant's banner is likely to confuse consumers and is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Banner and is therefore in violation of 15 U.S.C. § 1125(a);

C. A judgment that Defendants' use of the Defendant's banner is unfairly competing against Plaintiff and Plaintiff's use of Plaintiff's Banner and is therefore in violation of Cal Bus. & Prof. Code § 17200;

D. Entry of an Order enjoining Defendants from further use of Defendants' Banner;

E. Entry of a judgment against Defendants for monetary damages to be proven at trial, including but not limited to statutory damages including damages for willful infringement and/or all amounts necessary to compensate Plaintiff for Defendants' wrongful use of Plaintiff's Banner and designs;

F. Plaintiff to recover its attorneys' fees and costs; and

G. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 19, 2025

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com

By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff Fernway LLC
T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: September 19, 2025

By: /s/ Rexford Brabson
Rexford Brabson, Esq.,
CA SBN 299802
rex@t-rexlaw.com


By: /s/ David Stewart
David Stewart, Esq.,
CA SBN 353448
David@t-rexlaw.com

Attorneys for Plaintiff Fernway LLC
T-Rex Law, P.C.
7040 Avenida Encinas #104-333
Carlsbad, CA 92011
Telephone: (858) 220-2325